Taylor, Chief-Justice.
 

 A payment lo the Clerk and Master, where there is no order of Court authorising it, or no execution issuing from his office to raise tine sum. is not, in general, regular. Neither is a tender of bank notes, if objected to on that account, sufficient at Law to stop the interest of a debt, and the
 
 deposit
 
 here must be considered in the same light. But the real enquiry now before the Court is, whether placing these notes with the Clerk and Master, in the manner and with the receipt exhibited in the case, amount to such a substantial compliance with the standing order of the Court, as will save the party from an imputed neglect or contempt, and an ihorizc her to be heard upon the bill of review ? And I cannot for a moment doubt, that it ought to be considered in that light, and that an opposite ruction, tending
 
 *300
 
 to deprive the party of an important right, would be rigorous and unconscionable, under ail the considerations arising from the state of the country, the course of prac-^jcc? an(j t¡.e character and object of the order itself — (1
 
 Vern.
 
 117, 264 — 1
 
 Eq. Ca. Mr.
 
 82 — 1
 
 Ch. Ca.
 
 42.)
 

 This view of the question will be strengthened, by an examination of the cases shewing the occasional relaxation of the order, and in what degree questions touching obedience to it, have been considered less as matters
 
 siridi 'juris,
 
 than as governed by a sound discretion. Tiiis further appears by the doubt, whether the objection can properly be made by plea, since the bill of ¿.review would not stay process for compelling payment of the money
 
 decreed
 
 — {Milford 235.)
 

 Upon this preliminary point, then, the bill appears to be properly in
 
 Court;
 
 and the next enquiry is, whether the errors assigned are sufficient to reverse the decree. The bill is brought for error in law,
 
 apparent
 
 upon the face of the decree ; and the most important error assigned is, that the facts put in issue, were not decided by a Jury before the decree was made. The decree is drawn up in general and in very informal terms, so that it is impossible to collect from it, upon what facts, found or admitted, it was made. But if the decree does not state upon its face the material facts upon which it is founded, it is erroneous
 
 ;
 
 otherwise, a bill of review would be unavailing, since the party cannot assign for error, that any of the matters decreed are contrary to the proof in the cause, but must shew error in the body of the decree— (1
 
 Vern.
 
 166.) It is for this reason necessary to recite in the decree, the bill and answer ; — and the facts which were proved, and were allowed by the Court to be proved, must be particularly set forth
 
 ;
 
 nor is it sufficient to state, that upon reading the proofs, and hearing what was alleged on either side, the decree was made — (1
 
 Mamson’s C. P.
 
 108.) If the facts on which a decree is founded, are not mentioned in the decree, they shall.
 
 *301
 
 upon a bill of review being brought, he taken as
 
 not proved,
 
 for else a decree could never be reversed by a bill of review
 
 ;
 
 and a Plaintiff in a bill of review ought not to be concluded by the neglect of particularly stating the in atiera of fact in a
 
 decree
 
 — (Brend v.
 
 Brend,
 
 1
 
 Ver. 213
 
 — -Benham v.
 
 Newcomb, Ibid.
 
 214.)
 

 The equity in tisis case mainly depended on the truth ‘of certain facts charged in the bill, and denied in the answer, and the truth of certain defensive allegations set forth in the answer. Were these facts decided on by a .fury, or admitted by the parties ? The answer to this question can only be sought for in the decree, and the information thence derived is, that they were not tried at all, for the decree is founded upon the
 
 bill, answer, and exhibits.
 

 The foregoing reasoning and authorities, apply with increased force to our Courts of Equity, in which the law peremptorily requires that issues of fact shall be tried by a Jury. It is indispensable, then, that it should appear upon the face of the decree, that they were so tried, for upon that basis alone the Court's authority to pronounce a decree must rest.
 

 At the same time, it cannot be expected, that under the organization of oar Courts of Equity, decrees can be drawn up with the same laboured particularity that they are in England, where there is a Register for - the solo purpose of transacting such business , but it is reasonable to require that the substantial parts shall be briefly recited or preferred, in order that the footsteps of the Court may be traced. E have considered all the other errors assigned, but entertaining no doubt of the sufficiency of this, to reverse the decree, I forbear to give an opinion upon them.
 

 HaxXi and Henderson, Judges, concurred,
 

 In this ca-e, By the Court, it was decreed, that the decree of the Court of Equity for Halifax County, com
 
 *302
 
 plained of. be reversed; and it was further ordered and decreed, that the Complainant have leave to withdraw from the Clerk and Master’s office of the county of Halifax, the sum therein deposited upon the filing of the bill, and that the Defendant repay to Complainant the sum paid by her to him, with interest thereon from the time of payment, and that Defendant pay all costs of this Court and the Court below.